### PEOPLE ex rel. GING v. LYMAN.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

MANDAMUS—PRACTICE—APPEAL AND ERROR—EXCEPTIONS.
    Procedure in mandamus, under Code Civ. Proc. § 2082, after issue joined, being the same as proceedings in civil actions, questions of error, not properly before the court by a bill of exceptions, cannot be considered.

Appeal from special term, Suffolk county.

Mandamus by the people, on the relation of Edward Ging, against Henry H. Lyman, state commissioner of excise. From an order granting the writ, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Mead & Stranahan, for appellant.
Timothy M. Griffing, for respondent.

WOODWARD, J. In May, 1896, the respondent paid to the county treasurer of Suffolk county $200 for a liquor tax certificate, numbered 26,251. This certificate was to be used in Greenport, in the said county; and as that village has, in fact, a population exceeding 1,200, the treasurer assumed that the amount collected was proper, under the law. It was subsequently discovered, however, that the liquor tax law (chapter 112, Laws 1896) provided that the population of villages must be determined by the last state or national census, and, if the population was not thus determined, the tax should be fixed at $100. The respondent, taking advantage of the fact that neither the state nor the national census fixed the population of the village of Greenport, demanded of the county treasurer a return of $100; that sum being in excess of the amount which could be collected under the law as thus construed. On the 5th day of February, 1897, the county treasurer notified the respondent in this proceeding that, acting under the direction of the excise department, the original certificate would be received by him, and a new certificate, covering the same period, would be issued, and that the respondent would be given a receipt for the difference between the $100 which should have been paid and the $200 which had in fact been paid. The respondent surrendered his original certificate,

took the rebate receipt and a new certificate, and subsequently brought an action to compel the county treasurer to pay the amount of the rebate receipt. Upon the trial of the action, judgment was entered for the plaintiff, and this court, in reversing the judgment, held that the plaintiff had no cause of action against the county treasurer; his right to recover under the rebate receipt being agreed upon in that instrument, which provided that the rebate sum should be "payable from any excise money hereafter received from said city or town, or in any other manner hereafter legalized," and the legislature having in the meantime, by chapter 312 of the Laws of 1897, amended the liquor tax law, and provided for the payment of these rebate receipts. Having failed to recover from the county treasurer, the respondent instituted a proceeding for an alternative writ of mandamus to compel the appellant to issue two orders, upon the proper officers, for the payment of the rebate certificate held by him, resulting in an order directing a peremptory writ of mandamus to issue. From this order the defendant appeals to this court, urging that it is possible to gather from the last state census that the village of Greenport has more than 1,200 inhabitants; that an enumeration of the inhabitants of Greenport taken in 1897, under the provisions of the liquor tax law, shows an actual population of 2,239, and that the court should have taken judicial notice of the fact that the population of Greenport was in excess of 1,200 at the time the certificate was issued, in 1896; that the payment by the respondent was a voluntary payment, and cannot be properly demanded, etc.

We are unable to discover from the record that any of these questions are properly before this court. The appellant has taken no exceptions to the decision of the court, which states separately the facts found and the conclusions of law. As the proceedings after an issue is joined are the same in a mandamus proceeding as in an action (section 2082, Code Civ. Proc.), and as they are governed on appeal by the same rules of law as in case of a judgment (section 2087, Code Civ. Proc.), there are, upon the appeal from the order, no questions before us except such as were raised by exceptions taken at the trial, and none of these are urged upon the attention of the court. We are of opinion, however, that the statute having determined the method of fixing the population of cities, towns, and villages, for the purpose of levying the liquor tax, it is not for the courts to accept some other method of determining that question; and the excise department having authorized the respondent to surrender his $200 certificate, taking out a new one for $100, and giving him a rebate receipt, it is now too late to litigate that question. It is conceded that the respondent had a right to sell liquors under his $100 certificate. Why, then, the state having agreed to refund the excess payment, should he be denied the right to recover? The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.